# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JORDAN WRIGHT, | ) |
| Plaintiff, | ) No. 4:15-CV-1139 RLW |
| v. | ) |
| UNITED AUTO CREDIT CORP., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, with Memorandum in Support Incorporated (ECF No. 15). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

## BACKGROUND

On June 9, 2015, Plaintiff filed a three count petition in the Circuit Court of St. Louis County, Missouri in connection with his attempt to purchase a Pontiac Grand Prix vehicle from Defendant Cost Cutters Auto Sales ("Cost Cutters") in November 2010. Plaintiff asserts that Cost Cutters did not have legal title to the Grand Prix and, consequently, he has not obtained legal title. The Cost Cutters dealership has since closed. Plaintiff alleges that, despite not receiving title to the Grand Prix, United Auto Credit Corporation ("United Auto Credit") continued to state that Plaintiff was obligated to pay United Auto Credit the amounts owed on the finance contract for the Grand Prix. Plaintiff maintains that he was unable to register and drive the Grand Prix because he did not have good title. Consequently, Plaintiff indicates that he had United Auto Credit repossess the Grand Prix. Nevertheless, Plaintiff alleges that United Auto Credit informed Plaintiff that he was still obligated to pay under the finance contract. United Auto Credit also filed a collection suit against Plaintiff. *See United Auto Credit v. Jordan A. Wright*, 13SL-AC22391, St. Louis County, Missouri Circuit Court, ("collection lawsuit"). Plaintiff states that a fraudulent default judgment was obtained against him in the collection lawsuit. Thereafter, Plaintiff successfully moved to set aside the default judgment against him, and United Auto Credit dismissed its claim against him in the collection lawsuit. United Auto Credit, however, kept all of the money it garnished pursuant to the judgment that was set aside. In the Petition, Plaintiff alleged claims for Violation of the Missouri Merchandising Practices Act (Count I), Fraud (Count II), and Declaratory Judgment (Count III).

On July 23, 2015, United Auto Credit removed this action based upon diversity jurisdiction. 28 U.S.C. §1332; ECF No. 1. United Auto Credit maintained that non-diverse defendant Cost Cutter Auto Sales was fraudulently joined because it was a defunct business and no longer in existence at the time the lawsuit was commenced. Likewise, United Auto Credit asserted that Hannah Fierge was fraudulently joined because she had "absolutely no connection to the transaction at hand, or to the facts at issue in this lawsuit" and she has never been the owner of Cost Cutter dealership which sold the Grand Prix vehicle to Plaintiff. Finally, United Auto Credit contended that the amount in controversy has been satisfied because Plaintiff's MMPA claim includes a request for compensatory and punitive damages. United Auto Credit claimed that "MMPA cases in Missouri have resulted in punitive damages awards significantly in excess of the jurisdictional amount of $75,000." (ECF No. 1 at 9 (citing *Peel v. Credit Acceptance Corp.*, 408 S.W. 3d 191, 213 (Mo. Ct. App. 2013)).

## DISCUSSION

### I.  Fraudulent Joinder

In the Motion for Remand, Plaintiff contends that he has alleged plausible claims against Defendants Cost Cutter and Hannah Fierge. Plaintiff purchased a Grand Prix vehicle in November 2010. Plaintiff argues that Ms. Fierge is liable to Plaintiff as a participant in the fraud against Plaintiff because she owns or owned Cost Cutter. (ECF No. 15 at 4). Plaintiff notes that, on August 27, 2010 Ms. Fierge filed a registration of a fictitious name for Cost Cutter, wherein she declared herself the sole owner of the business. (ECF No. 15 at 4-5; ECF No. 15-3 at 3). Ms. Fierge affirmed that she understood that false statements made in this filing were subject to penalties provided under Section 575.060, R.S. Mo. (ECF No. 15-3 at 3). On February 21, 2014, Hanna Fierge filed a Cancellation of Registration of a Fictitious Name on behalf of Cost

Cutter. Again, Ms. Fierge affirmed that she understood that false statements made in this filing were subject to penalties provided under Section 575.060, R.S. Mo. (ECF No. 15-3 at 2). Further, Plaintiff argues that Cost Cutter cannot escape liability because it has closed down because Cost Cutter was nothing but a fictitious name for Ms. Fierge. (ECF No. 15 at 7, 10).

Defendant United Auto Credit suggests that defendants Hannah Fierge and Cost Cutter Auto Sales were fraudulently joined to this suit as co-defendants and their citizenship should not be considered for purposes of determining diversity jurisdiction. (ECF No. 17). United Auto Credit maintains that "Hannah Fierge has never held any ownership interest in the Cost Cutter Auto Sales care dealership from which Jordan Wright purchased the vehicle at issue in this suit." (ECF No. 17 at 2). United Auto Credit notes that the only dealer licenses ever held for "Cost Cutter Auto Sales" were in the name of John Lorinc. (ECF No. 17 at 3). Likewise, John Lorinc attested that he was the sole owner of Cost Cutter. (ECF No. 17 at 3; ECF No. 17-2). United Auto Credit also provided the affidavit of Greg Brawley, Director of Legislative and Complaint Management for United Auto Credit, who discerned from the Retail Installment Contract and Security Agreement that John Lorinc was the sole owner of Cost Cutter at the time Plaintiff purchased the Grand Prix. (ECF No. 17-3). United Auto Center also argues that Cost Cutter is no longer a car dealership, and the "joinder of an utterly nonexistent entity for the purposes of destroying diversity jurisdiction does not defeat this Court's subject matter jurisdiction over this case." (ECF No. 17 at 5).

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.,* 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 446 (8th Cir. 2010)). "'[I]n situations where the sufficiency of the complaint against

the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Junk*, 628 F.3d at 446 (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (citation omitted)).

The Court holds that the state court might find that "there is arguably a reasonable basis for predicting that the state law might impose liability" on Ms. Fierge based upon the record in this case. *Bock v. Liberty Rest. Grp., L.P.*, No. 4:13CV0781 AGF, 2013 WL 4504375, at *3 (E.D. Mo. Aug. 23, 2013) (citing *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011)). United Auto Credit requests that this Court to ignore the sworn state filing by Ms. Fierge in favor of the state filing by Mr. Lorinc. The Court finds that United Auto Credit is asking this Court to make a credibility determination, rather than to determine whether there is a colorable cause of action against Ms. Fierge. The Court follows the clear precedent in this district that the issue of whether Plaintiff's claim against Ms. Fierge can proceed is better left for review by the state court. *See Bock*, 2013 WL 4504375, at *3; *Junk*, 628 F.3d at 446; *Filla*, 336 F.3d at 811. *Fernandez v. GMRI, Inc.*, 4:11CV00244 AGF, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011); *Jameson v. Gough*, 4:09CV2021RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010). Based upon Ms. Fierge's state court filing that she owns Cost Cutter, the state court might discern there exists a reasonable basis for predicting that the state law might impose liability on Ms. Fierge. Therefore, the Court remands this action to the state court.

## II. Amount in Controversy

In the Notice of Removal, Defendant United Auto Credit argues that it has satisfied its burden of showing that the jurisdictional amount is met. (ECF No. 1, ¶¶32-33). Defendant United Auto Credit refers to *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 197 (Mo. Ct.

App. 2013), where the appellate court affirmed the trial court's punitive award of $881,789.05 which was five times the result of adding together $11,007.81 in actual damages and $165,250.00 in attorney's fees. (ECF No. 1, ¶33).

Here, the total sale price was $12,798.96. (ECF No. 17-2 at 3). The Court finds that United Auto Credit has not established that the amount in controversy requirement has been met merely by noting that Plaintiff has alleged a claim for punitive damages. *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 992 (E.D. Mo. 2001). Other district courts have recently held the same:

> However, the mere fact that the plaintiff has asserted a claim for punitive damages does not relieve the defendant, as the removing party, of its burden to establish the propriety of removal jurisdiction nor necessarily establish that it is more likely than not the case that the amount in controversy will exceed [the jurisdictional minimum].... Thus, when a party challenges the amount in controversy, the district court errs by looking only at the *allegation* of punitive or exemplary damages as sufficing to establish the requisite amount in controversy.

*McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 655 (N.D. Iowa 1995); *see also State of Mo. ex rel. Pemiscot Cnty. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir.1995) ("When determining the amount in controversy, we scrutinize a claim for punitive damages more closely than a claim for actual damages to ensure that Congress's limits on diversity jurisdiction are properly observed."); *Rollwitz v. Burlington N.R.R.*, 507 F. Supp. 582, 587 (D.Mont.1981) ("The defendant cannot, by unsupported and contested averment, unilaterally invest this Court with jurisdiction;...."); *Walz v. FedEx Office & Print Servs., Inc.*, No. 2:12-CV-04188-NKL, 2012 WL 5386058, at *2-3 (W.D. Mo. Nov. 2, 2012). Because the Court does not believe that United Auto Credit has established by a preponderance of the evidence that the amount in controversy exceeds $75,000 and because the Court resolves all doubts in favor of remand, the Court remands this action to state court.

### III. Motion for Leave to Supplement the Record

On October 20, 2015, United Auto Credit filed a Motion for Leave to Supplement the Record. (ECF No. 25). Therein, United Auto Credit claims that its counsel was contacted by Andrew Purcell, counsel for Hannah Fierge. Mr. Purcell reported said that he had a quid pro quo agreement as to the following: "Mr. Purcell was to wait and take no action until the [federal] Court had ruled on the Motion to Remand; then, Plaintiff would dismiss Hannah Fierge from the suit as long as Mr. Purcell provided Mr. Anderson with affidavits of Hanna Fierge and John Fierge (Hannah's father) attesting to the fact that she was never the owner of Cost Cutter." (ECF No. 25, ¶5). United Auto Credit maintains that this offer on the part of Plaintiff's counsel is evidence of Plaintiff's utter lack of intention to pursue Ms. Fierge as a defendant in this case. (ECF No. 25, ¶6). United Auto Credit admits that Plaintiff's counsel denies the existence of an agreement with Mr. Purcell. (ECF No. 25, ¶7). United Auto Credit asks this Court for leave to supplement the record with an affidavit of Mr. Purcell, if he agrees, or with the deposition of Mr. Purcell if he must be subpoenaed. (ECF No. 25, ¶8).

The Court does not believe that supplementing the record in this instance is necessary. As discussed above, the Court finds that remand is necessary based upon the record before it. Supplementation of the record with the affidavit or deposition of Mr. Purcell would do nothing to elucidate the record, given that Mr. Purcell's purported testimony conflicts with Plaintiff's counsel's position. Ultimately, the Court would be required to make a credibility decision, which Court believes is best left to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, with Memorandum in Support Incorporated (ECF No. 15) is **GRANTED**. This matter shall be remanded to the

Twenty First Circuit of Missouri in County of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

**IT IS FURTHER ORDERED** that United Auto Credit Corporation's Motion for Leave to Supplement the Record (ECF No. 25) is **DENIED**.

An appropriate Order of Remand is filed herewith.


Dated this 23rd day of October, 2015.

*Ronnie L. White* (signature)

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**